IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREDERICK BANKS and**
**ISSAM-ABU GOSH [sic],[1]**

      **Petitioners,**

v.                                                                                                      Civil Action No. 1:20cv258
                                                                                                    (Judge Kleeh)

**WARDEN S. MA'AT, FCI Oakdale;**
**WARDEN ANTONELLI, USP Hazelton,**
**FPC Hazelton; FEDERAL BUREAU OF**
**PRISONS; UNIT MANAGER MCCLOUGH**
**(Oakdale); TRUST FUND SUPERVISOR;**
**DR. SHELLY POWER; and PSYCHOLOGY,**

      **Respondents.**

### REPORT AND RECOMMENDATION

On November 16, 2020, the *pro se* petitioner, Frederick Banks, an inmate incarcerated at FCI Oakdale in Oakdale, Louisiana, filed a petition for habeas corpus under 28 U.S.C. § 2241 on his own behalf and also ostensibly on behalf of another inmate, "Issam Hussein Abu-Ghosh (hereinafter "Abu-Ghosh")." ECF No. 1 at 1. The petition raises both § 2241 and civil rights claims, and is signed only by Banks, who also signed on behalf of Abu-Ghosh. See id. at 9. With the petition, Banks also filed a motion to proceed as a pauper, also on behalf of himself and ostensibly on behalf of inmate Abu-Ghosh, indicating that they were incarcerated at FCI Oakdale and USP Hazelton, respectively, again signing on his own behalf and also ostensibly on behalf of

---

[1] Although Banks' co-petitioner is identified by Banks as "Issam-Abu Gosh," a search for inmate "Gosh" on the Bureau of Prison's ("BOP") online indicator, using the BOP number provided on the Prisoner Trust Account Report filed in this case, reveals that "Gosh's" true name is actually "Issam Hussein Abu-Ghosh," and he is presently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. See BOP inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited Nov. 18, 2020).  Accordingly, Issam Hussein Abu-Ghosh will be referred hereafter in this Report and Recommendation by his correct name, and the Clerk will be directed to correct the docket.

Abu-Ghosh.[2] ECF No. 2. Banks also filed a copy of a Prisoner Trust Account Report ("PTAR"), again in his own and Abu-Ghosh's names, which although it included the authorized signature of the Bureau of Prisons ("BOP") staff member that prepared it, it listed "zero" amounts for the balance and average monthly deposits, did not specify which Petitioners' account was being referenced, and did not attach the Ledger Sheet to either inmate's Trust Account. ECF No. 3. On November 17, 2020, the Clerk of Court issued a Notice of Deficient Pleading and sent it to Banks via certified mail, return receipt requested, at the address he provided on the docket [ECF No. 5] and also sent Court-approved § 2241 forms to Petitioner Abu-Ghosh, via regular mail to the address for Abu-Ghosh obtained from the BOP's online inmate locator.

A careful review of the record at this early stage in these proceedings provides no assurance that Petitioner Abu-Ghosh has even consented to participate to these proceedings, given that nowhere has he signed any of the pleadings or motions on his own behalf.

In the petition, which is no model of clarity,[3] the Petitioner(s) set forth a litany of civil rights allegations, including that prison officials are denying them access to counsel while their appeals are pending; they are being denied envelopes, addresses, and phone numbers; they are being denied access to the law library and to functional LEXIS online research within the law library; certain legal and personal property has been illegally withheld from them; they are being denied access to public messaging/email; they are in

---

[2] It is unclear from a review of the motion to proceed as a pauper whose assets, Banks' or Abu-Ghosh, are being referenced.

[3] It is unclear at times whether the claims raised apply to one or both Petitioners, and at times, Banks appears to overlook the fact that he is intending to file a petition on behalf of anyone besides himself. For example, while the petition avers that Banks's underlying conviction was obtained in the United States District Court for the Western District of Pennsylvania (Case No. 2:15cr168-MRH-1), Banks listed "N/A" for the court where Abu-Ghosh was convicted and did not provide a case number for Abu-Ghosh's underlying criminal case. A search of PACER reveals that Abu-Ghosh was convicted in United States District Court for the District of Columbia, Case No. 1:15-cr-00139-RJL-1.

2

unlawful custody because they are being wrongfully held in quarantine/Special Housing Unit ("SHU'); and they have been denied access to the grievance system.

Banks further specifically alleges that he has been housed with inmates who harass him; he suffers from claustrophobia, scoliosis, antisocial personality disorder, and other unspecified personality disorders, but has been denied access to psychology, a bottom bunk pass, and a single cell.

Banks also raises several § 2241 claims, alleging that the BOP has denied him prior custody credit; failed to put him on the list for the BOP's Residential Drug Abuse Program ("RDAP"), and failed to refer him for home confinement under the "First Step/Cares Act Risk Assessment," in violation of his rights to due process and equal protection.

Banks avers that he and Abu-Ghosh have not exhausted their administrative remedies but that they have exhausted all of the administrative remedies that were made available to them.

For relief, the Petitioners request injunctive relief in the form of release from the SHU for Abu-Ghosh; discharge from custody for both Petitioners; and an Order, directing Respondents to provide Petitioners with access to counsel, envelopes, addresses, and phone numbers; the law library; public messaging/email, LEXIS, release from quarantine or the SHU and/or release from custody; and restoration of their property and rights. Banks also requests access to psychology; a single cell; a bottom bunk pass; prior custody credit; and referral to RDAP and home confinement.

However, the Petitioners are not entitled to any relief under § 2241 for their claims of denial of access to counsel, envelopes, addresses, and phone numbers; the law library; LEXIS; public messaging/email; unlawful confinement in quarantine and/or the SHU; illegal

withholding of their legal and personal property; denial of access to psychology, a bottom bunk pass, a single cell; or the grievance system, because they are not challenging the legality of their custody and do not seek the immediate or speedier release from imprisonment. Rather, they are challenging the conditions of their confinement or a violation of their civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the civil rights claims raised in this petition, the Petitioners must each file a Bivens civil rights lawsuit governed by 28 U.S.C. § 1331 and pay the $350.00 filing fee.

Further, § 2241 specifically provides that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). In this instance, Petitioner Banks is currently incarcerated in FCI Oakdale, which is located in the Western District of Louisiana. Thus, this Court does not have the authority to consider Petitioner Banks' instant § 2241 claims.[4]

Accordingly, in the interest of justice, it is hereby **RECOMMENDED** that the § 2241 claims of Petitioner Banks for prior custody credit; RDAP, and home confinement be **TRANSFERRED** to the Western District of Louisiana for all further proceedings. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); see also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue

---

[4] The undersigned is aware that Banks also presently has another § 2241 action (Case No. 1:20cv243) pending in this Court. This Court retains jurisdiction over that matter, however, because at the time it was filed, Petitioner Banks was incarcerated in this district.

in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought."). Petitioner Banks should be **DIRECTED** to disregard the Notice of Deficient Pleading.

It is further **RECOMMENDED** that this § 2241 should be **DISMISSED and STRICKEN from the docket** as to Petitioner Abu-Ghosh, because it states no § 2241 claims on Abu-Ghosh's behalf, only on Banks' behalf. Accordingly, Abu-Ghosh is **DIRECTED** to disregard the Court-approved § 2241 forms previously sent to him.

Moreover, this Court's Local Rules of General Practice and Procedure ("LR Gen P") 83.03 provide in pertinent part that "Every party to proceedings in this Court, except parties appearing *pro se*, shall be represented by a permanent member of the bar of this Court . . . " Frederick Banks is not a permanent member of the bar of this Court. Therefore, Banks may not file pleadings on behalf of Abu-Ghosh, and the undersigned **RECOMMENDS** that the Clerk be **DIRECTED** not to accept any further filings by Banks on behalf of Abu-Ghosh, but to return them to Banks.

The undersigned **RECOMMENDS** that Banks' and Abu-Ghosh's pending motion to proceed as pauper(s) [ECF No. 2] be **DENIED as moot.**

The Clerk of Court is **DIRECTED** to correct the spelling of Petitioner "Issam-Abu Gosh" on the docket to his true name, as provided by the BOP: "Issam Hussein Abu-Ghosh."

The Clerk is further **DIRECTED** to send each Petitioner a copy of the necessary Court-approved forms to file Bivens civil rights actions, should they choose to pursue their civil rights claims that arise in this district. The Petitioners are hereby informed that if they wish to pursue the claims raised, they must each complete and file the packet according to the instructions contained therein.

Petitioners shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk is further **DIRECTED** to transmit copies of this Report and Recommendation to the *pro se* petitioners Banks and Abu-Ghosh, via certified mail, return receipt requested, at their respective addresses as reflected on the docket.

DATED: November 20, 2020.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE