IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FREDERICK BANKS, and
ISSAM HUSSEIN ABU-GOSH**

       **Petitioners,**

v.                                                       Civ. Action No. 1:20-CV-258
                                                              (Kleeh)

**WARDEN S. MA'AT, FCI Oakdale,
WARDEN ANTONELLI, USP Hazelton,
FPC Hazelton, FEDERAL BUREAU OF
PRISONS, UNIT MANAGER MCCLOUGH (Oakdale),
TRUST FUND SUPERVISOR,
DR. SHELLY POWER, and
PSYCHOLOGY,**

       **Respondents.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 6]
AND OVERRULING OBJECTION [ECF NO. 11]**

On November 16, 2020, the pro se Petitioner, Frederick Banks ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). [ECF No. 1]. He filed the Petition on his own behalf and purportedly on behalf of another inmate, by the name of Issam Hussein Abu-Gosh. Id. The Petition raises both § 2241 and civil rights claims. Id.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On November 20, 2020, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 6], recommending that the Court transfer the petition for writ of

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 6]
AND OVERRULING OBJECTION [ECF NO. 11]**

habeas corpus under 28 U.S.C. § 2241(a) to the Western District of Louisiana, this district in which the petitioner is currently incarcerated, for all further proceedings. [ECF No. 6].

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Therefore, parties had fourteen (14) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Petitioner accepted service of the R&R on November 27, 2020. [ECF No. 10]. Petitioner timely filed objections to the R&R on December 7, 2020. [ECF No. 11].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 6]
AND OVERRULING OBJECTION [ECF NO. 11]**

made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner filed a three (3) page document from which the Court gathers one objection to the Magistrate Judge's R&R. [ECF No. 11]. Petitioner objects to the Magistrate Judge's recommendation that some of his claims may be brought in a Bivens action, and others in the habeas corpus petition. This objection warrants a de novo review by this Court.

The Court finds that Petitioner's objection is unfounded. As the Magistrate Judge made clear, challenges of the conditions of a prisoner's confinement or a violation of an inmate's civil rights are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement); see also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the civil rights claims raised in this petition, the Petitioner must file a

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 6]
AND OVERRULING OBJECTION [ECF NO. 11]**

Bivens civil rights lawsuit governed by 28 U.S.C. § 1331 and pay the $350.00 filing fee.

While Petitioner argues in his objection that he in fact can raise the civil rights claims in the instant habeas petition, this assertion is unsupported. From what the Court can glean from the petition, Petitioner is not challenging the legality of his custody, and does not seek the immediate or speedier release from imprisonment. Rather, Petitioner is challenging the conditions of confinement (i.e. unlawful confinement in quarantine or the SHU, illegal withholding of property, and prison cell conditions). Such challenges are claims of violations of civil rights and are appropriate claims to raise in a Bivens complaint.

Therefore, upon careful review, the Court **ADOPTS** the R&R [ECF No. 6]. Petitioner's objection is **OVERRULED**. [ECF No. 11]. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is hereby **TRANSFERRED** to the Western District of Louisiana for all further proceedings. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); see also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought.").

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 6]
AND OVERRULING OBJECTION [ECF NO. 11]**

The Petition is **DISMISSED and STRICKEN from the docket** as to Petitioner Abu-Ghosh, because it states no § 2241 claims on Abu-Ghosh's behalf, only on Petitioner Banks' behalf. Petitioner's motion to proceed as pauper is **DENIED AS MOOT**. [ECF No. 2]. Finally, Petitioner's motion to dismiss Dr. Shelly Power as a party to the action is **GRANTED**. [ECF No. 12].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Petitioner via certified mail, return receipt requested.

**DATED:** April 27, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE