UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **DOCKET NO. 21-cv-01147** |
| REG. # 05711-068 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN MA'AT, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Frederick Banks on November 6, 2020, in the United States District Court for the Western District of Virginia. Doc. 1. Banks is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Fort Dix, New Jersey. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

### I.
#### BACKGROUND

The instant petition was filed in the United States District Court for the Western District of Virginia. Doc. 1. At that time, petitioner was incarcerated at the Federal Correctional Center at Oakdale, Louisiana (FCIO). That court determined, following an initial review, that the petition contained a "litany of civil rights allegations" as well as several § 2241 claims. Doc. 6. As petitioner was incarcerated at FCIO at the time of filing, the §2241 claims were transferred to this Court. *Id*.

Presently before this Court are claims that the BOP has denied petitioner prior custody credit, failed to put him on the list for the BOP's Residential Drug Abuse Program ("RDAP"), and failed to refer him for home confinement under the "First Step/Cares Act Risk Assessment," in violation of his rights to due process and equal protection.

On March 30, 2022, the undersigned ordered Petitioner to amend to show exhaustion. Doc. 26. Plaintiff filed a response on April 11, 2022, conceding that he failed to fully exhaust his claims. Doc. 27.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application -- Exhaustion

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

An initial issue that must be addressed is whether petitioner is required to exhaust administrative remedies. Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004), *cert. denied*, 124 S. Ct. 2112 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parrish*, 958 F.2d 108, 112 (5th Cir. 1992).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28 C.F.R. § 0.96. If the BOP miscalculated petitioner's sentence calculation or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Further, the fact that petitioner believes his grievances

will be denied does not make the remedy futile. *See Adams v. Warden*, 2017 U.S. Dist. LEXIS 124404 at *3 (W.D. La. July 5, 2017).

Following an initial review of his petition, Banks was ordered by this Court to provide proof of exhaustion. Doc. 26. He represents that he filed and received responses to BP-8, BP-9, and BP-10, but "when [he] sought to file the BP-11 staff obstructed the remedy process by refusing to timely provide the remedies." Doc. 27, p 1. He asserts, however, that exhaustion would be futile because his release date is fast approaching. *Id.* This argument is unavailing. *Ashton v. Nash*, No. 3:19CV170, 2022 U.S. Dist. LEXIS 23212 (S.D. Miss. Jan. 20, 2022).

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence termination date once a defendant commences serving his sentence. *United States v. Wilson*, 334-35, 112 S. Ct. 1351, 1354 (1992). Thus, an inmate challenging the computation and execution of his sentence must complete the administrative remedies process prior to filing a 28 U.S.C. § 2241 habeas petition. *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006); *Qattoum v. Gillis,* No. 5:18-CV-137, 2020 U.S. Dist. LEXIS 95412, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020) (petitioner must exhaust his FSA claim concerning Earned Time Credit with the BOP before filing federal habeas petition). This is so even when the inmate may be entitled to immediate release. *Preiser v. Rodriguez*, 93 S. Ct. 1827, 1838-39 (1973). "The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Powell,* 834 F. App'x 940, 941 (5th Cir. 2021) (citing omitted); *United States v. Taylor*, 855 F. App'x 975, 975 (5th Cir. 2021). Because Petitioner did not exhaust his claims before filing the instant petition, his petition must be dismissed for failure to exhaust administrative remedies.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE